(51 Misc. Rep. 156.)

### In re MILLER'S WILL.

(Surrogate's Court, Rensselaer County.　June, 1906.)

WILLS—REVOCATION—EVIDENCE.

> A paper offered for probate as the will of a decedent came from his safe. The signature had been canceled by pen marks, and underneath, in decedent's handwriting, were the words, "Am going to make a new will.' Important changes in decedent's family had occurred since the making of the will. *Held* to show revocation, authorizing a denial of probate.
>
> [Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, §§ 446, 447, 732, 733.]

In the matter of the probate of the will of James H. Miller. Probate denied.

E. L. Boothby, for petitioner.

Irving Oliver, special guardian, and also for Josephine Post.

E. A. Heffner, for next of kin.

HEATON, S. This will was found in the safe of the deceased at his place of business, and across his signature thereon were five pen marks such as one would make in canceling a signature, and they were so distributed that they affected the whole signature, even to the middle initial of his name. Under this signature, in the handwriting of the deceased, were written the words, "Am going to make a new will." This paper was in an envelope marked as the will of the deceased, which had been sealed, and later opened at the end. The son of the deceased, who is the executor named in the will, testifies that he took the will from the safe after his father's death in its present condition, and that he believes no one had access to the safe except his father. The will was holographic, and made in 1888, and divided his property among his children, issue of a deceased child, and his wife. Subsequently his wife died, and one of his daughters married and died, leaving two children.

The will comes directly from the safe of the testator to the court with not the least suspicion of its having been tampered with by any person. Furthermore the words, "Am going to make a new will," written by the deceased below his canceled signature, indicate that he himself canceled the signature. We have, then, these undisputed facts: A will 18 years old. Several important changes in the family of testator after the making of the will. From these facts a court is allowed to draw but one conclusion, the legal conclusion of revocation. Matter of Hopkins, 73 App. Div. 559, 77 N. Y. Supp. 178; Id., 172 N. Y. 360, 65 N. E. 173, 65 L. R. A. 95, 92 Am. St. Rep. 746; Matter of Brookman, 11 Misc. Rep. 675, 33 N. Y. Supp. 575; Matter of Philp (Sup.) 19 N. Y. Supp. 13; Matter of Alger, 38 Misc. Rep. 143, 77 N. Y. Supp. 166. The fact that the testator was acquainted with the law of wills strengthens the presumption of revocation by cancellation, since the method adopted by him has long been recognized as a proper and legal manner of revoking a will. Let a decree be prepared denying probate.

Probate denied.